**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAULETTE JONES,  Plaintiff, | : : : | |
| | : | CIVIL ACTION |
| v. | : : | NO. 19-1425 |
| AMICA MUTUAL INSURANCE COMPANY,  Defendant. | : : : : | |

**July 21, 2020**                                                                            **Anita B. Brody, J.**

## MEMORANDUM

Plaintiff Paulette Jones brings suit against Defendant Amica Mutual Insurance Company ("Amica") for breach of contract claims based on the denial of underinsured motorist benefits under both her Personal Auto Policy and her Personal Umbrella Liability Policy. I exercise diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Amica moves to dismiss Jones's claim that Amica breached its contract when it denied her underinsured motorist ("UIM") benefits under her Personal Umbrella Liability Policy ("Umbrella Policy"). For the reasons set forth below, I will grant Amica's motion to dismiss Jones's claim for UIM benefits under her Umbrella Policy (Count II).[1]

## I. BACKGROUND[2]

On December 9, 2014, Plaintiff Paulette Jones was severely injured in a car accident. The driver of the other vehicle, Sean P. Murtha, was responsible for the accident. As a result, Jones filed a bodily injury claim with Allstate, Murtha's insurance carrier. Allstate paid Jones

---

[1] Amica does not move to dismiss Jones's claim that Amica denied her UIM benefits under her Personal Auto Policy. The action continues solely on this claim.

[2] All facts are taken from the Complaint unless otherwise noted.

the $100,000 policy limit. Because Jones's injuries exceeded this amount, she then filed an underinsured motorist claim with Amica, her own insurance carrier.

At the time of the accident, Jones had a Personal Auto Policy and a Personal Umbrella Liability Policy with Amica. The Personal Auto Policy included underinsured motorist coverage. The Umbrella Policy explicitly excluded underinsured motorist coverage. The Umbrella Policy excluded coverage for "[b]odily injury" or "personal injury" to the policyholder or any "family member." *Id.* at 15-17 (§ III.A.13). Additionally, it specifically stated: "*We do not provide . . . Underinsured Motorist Coverage*, or any similar coverage unless this policy is endorsed to provide such coverage." *Id.* at 15-18 (§ III.C.2).

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must engage in the following analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). Thus, a court may consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## III. DISCUSSION

Amica moves to dismiss Jones's UIM claim under the Umbrella Policy because the Umbrella Policy explicitly excludes coverage for UIM benefits. Jones concedes that the Umbrella Policy excludes UIM benefits.[3] She argues that under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") Amica was required to offer Jones the opportunity to include UIM benefits in the Umbrella Policy and because it failed to do so, the Umbrella Policy must be reformed to include UIM benefits up to the $1,000,000 policy limit.

The MVFRL generally provides that every Pennsylvania motor vehicle liability insurance policy issued in Pennsylvania must provide for UIM coverage unless the coverage has been explicitly waived by the named insured.[4] *See* 75 Pa. Stat. and Cons. Stat. Ann. § 1731. "[U]nder

---

[3] Pl.'s Resp. 11 ("[T]he umbrella policy here at issue indeed does not afford excess UIM coverage.").
[4] Specifically, the MVRFL states:

the MVFRL, where an insurer does not follow the statutory requirements for waiver of UIM coverage, the policy must be reformed to include that coverage." *N. Ins. Co. of New York v. Dottery*, 43 F. Supp. 2d 509, 513 n.2 (E.D. Pa. 1998); *see also DeSilva v. Kemper Nat. Ins. Co.*, 837 F. Supp. 98, 101-02 (E.D. Pa. 1993) (same); 75 Pa. Stat. and Cons. Stat. Ann. § 1731(c.1) ("If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits.").

Amica argues that it was not required to offer Jones UIM coverage under the Umbrella Policy because it is not a motor vehicle liability policy; therefore, the MVFRL does not apply and the Umbrella Policy cannot be reformed to include UIM coverage. "'Generally, an excess policy is one that "provides for payment of that portion of the claim that remains unpaid once other [liability] coverage is exhausted.' An umbrella policy is a type of excess policy." *Dottery*, 43 F. Supp. 2d at 514 (quoting *Automobile Underwriters v. Fireman's Fund Ins. Co.*, 874 F.2d 188, 193 (3d Cir.1989)). It is well established that excess or umbrella policies are not motor vehicle liability policies and are not subject to the requirements of the MVFRL. *Elec. Ins. Co. v. Rubin*, 32 F.3d 814, 819 (3d Cir. 1994); *Kromer v. Reliance Ins. Co.*, 677 A.2d 1224, 1231 (1996), *aff'd*, 548 Pa. 209, 696 A.2d 152 (1997). Unlike motor vehicle insurance policies, excess/umbrella policies "provide third party coverage to protect [the insureds] against infrequent risks of catastrophic loss in the form of excess judgments rendered against them."

---

No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are offered therein or supplemental thereto . . . . Purchase of uninsured motorist and underinsured motorist coverages is optional. . . . The named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form: . . .

75 Pa. Stat. and Cons. Stat. Ann. § 1731.

*Kromer*, 677 A.2d at 1231.  Pennsylvania "neither . . . requires that an insured carry an excess policy, and neither specifies the scope of coverage for an excess policy.  In these circumstances, . . . Pennsylvania law does not provide for the application of the MVFRL to . . . [an] excess policy."  *Rubin*, 32 F.3d at 819.

Jones argues that the precedent established by *Rubin* and *Kromer* is no longer applicable because both *Rubin* and *Kromer* analyzed a prior version of the MVFRL.  In 1990, the Pennsylvania Legislature amended the MVFRL.  "Before 1990, UIM insurance in Pennsylvania was mandatory. Since the 1990 amendments, however, the purchase of UIM coverage is optional, while the offering of such coverage remains mandatory."  *Dottery*, 43 F. Supp. 2d at 513 n.3 (citing 75 Pa. Stat. and Cons. Stat. Ann. § 1731).  Because the only change to § 1731 of the MVFRL is that UIM coverage is now optional instead of mandatory in motor vehicle insurance policies, this amendment to the MVFRL does not impact the conclusion reached in *Rubin* and *Kromer* that the MVFRL does not apply to excess or umbrella policies.  Since the 1990 amendment of the MVFRL, Courts have continued to routinely hold that the MVFRL does not apply to excess or umbrella policies. *See Warrick v. Empire Fire & Marine Ins. Co*., No. 18-1952, 2019 WL 1359737, at *3 (E.D. Pa. Mar. 25, 2019); *Dottery*, 43 F. Supp. 2d at 520; *Lewis v. Erie Ins. Exch*., No. 2115 EDA 2018, 2019 WL 3946054, at *10 (Pa. Super. Ct. Aug. 21, 2019); *Ranocchia v. Erie Ins*., No. 2166 MDA 2015, 2016 WL 5418191, at *4 (Pa. Super. Ct. Aug. 19, 2016); *Been v. Empire Fire & Marine Ins. Co.*, 751 A.2d 238, 240-41 (Pa. Super. Ct. 2000).  Because the MVFRL does not apply to Jones's Umbrella Policy that explicitly excluded UIM coverage, Jones cannot succeed on her claim for UIM benefits under her Umbrella Policy.

## IV. CONCLUSION

For the reasons set forth above, I will grant Amica's motion to dismiss Jones's claim for underinsured motorist benefits under her Personal Umbrella Liability Policy (Count II).

       s/ ANITA B. BRODY, J.
       ANITA B. BRODY, J.

Copies **VIA ECF** on  07/21/2020